1  **ROCKARD J. DELGADILLO**, City Attorney (State Bar #125465x)
   **MICHAEL L. CLAESSENS**, Senior Assistant City Attorney
2  **CORY M. BRENTE**, Assistant City Attorney
   **SUREKHA A. PESSIS**, Deputy City Attorney (State Bar #193206)
3  200 North Main Street, 600 City Hall East
   Los Angeles, California 90012-4129
4  Telephone: (213) 978-7036   Facsimile: (213) 978-8785

5  Attorneys for Defendants, CITY OF LOS ANGELES and WILLIAM BRATTON

FILED
CLERK, U.S. DISTRICT COURT
JAN 24 2008
CENTRAL DISTRICT OF CALIFORNIA
BY           DEP

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| WILLIAM CARDENAS, | ) CASE NO. CV 07-2197MMM(Ex) |
|---|---|
| Plaintiff | ) Judge: Hon. Margaret M. Morrow, Rm 780 |
|  | ) Mag. Judge: Charles F. Eick, Rm 20 |
| vs. |  |
| CITY OF LOS ANGELES, ALEXANDER SCHLEGEL, PATRICK FARRELL, WILLIAM BRATTON, as Chief of the Los Angeles Police Department, and DOES 1 through 10, inclusive, | ) [~~PROPOSED~~] PROTECTIVE ORDER |
| Defendants. |  |

Whereas Plaintiff has propounded a request for production of documents upon Defendants pertaining to official and confidential information, contained in documents maintained by the Los Angeles Police Department, and whereas the parties having met and conferred, and stipulated to the following terms and conditions, the Court hereby orders as follows:

///

1

1. Defendants may designate as confidential any document, writing, or other tangible item, that they, in good faith, believe contains information of a privileged, confidential, private or sensitive nature, by affixing to such document, writing or other tangible item, a legend, label or other marking such as "Confidential." Confidential Documents," "Confidential Material," "Subject to Protective Order" or words of similar effect. Documents, writings, or other tangible items, so designated, and all information derived therefrom (hereinafter, collectively referred to as "Confidential Information"), shall be treated in accordance with the terms of this stipulation and protective order.

2. If Plaintiff's counsel believes that any document, writing or information that has been designated by Defendants as Confidential (or an equivalent designation) does not warrant that designation Plaintiff's counsel will advise Defendants' counsel. The parties will attempt in good faith to resolve the question of whether the designation is warranted. If the parties are unable to resolve the matter informally, the disagreement will be resolved by the Magistrate Judge (or District Judge, if appropriate). Notwithstanding Plaintiff's counsel belief that a document, writing or information that has been designated by Defendants as Confidential (or an equivalent designation) does not warrant that designation, Plaintiff's counsel will continue to treat it as such in accordance with the terms of this Protective Order unless and until the parties agree otherwise or the Court orders otherwise.

3. Confidential Information may be used by the persons receiving such information only for the purpose of this litigation.

4. Subject to the further conditions imposed by this stipulation, Confidential Information may be disclosed only to the following persons:

(a) Counsel for the parties, parties, and to experts, investigators, paralegal assistants, office clerks, secretaries and other such personnel working under their supervision.

(b) Such other parties as may be agreed by written stipulation among the parties hereto, or by Court order.

///

5. Prior to the disclosure of any Confidential Information to any person described in paragraph 4(a) or 4(b), counsel for the party that has received and seeks to use or disclose such Confidential Information shall first provide any such person with a copy of this stipulation, and shall cause him or her to execute, on a second copy which counsel shall thereafter serve on the other party the following acknowledgment:

> "I understand that I am being given access to Confidential Information pursuant to the foregoing stipulation and order. I have read the Order and agree to be bound by its terms with respect to the handling, use and disclosure of such Confidential Information.
>
> Dated: _____ /s/_____"

6. Upon the final termination of this litigation, including any appeal pertaining thereto, all Confidential Information and all copies thereof shall be returned to the Defendant City of Los Angeles through the City Attorney's Office. If this case, or any portion thereof, is remanded to the Los Angeles County Superior Court, all Confidential Information and all copies thereof shall immediately be returned to counsel for the City of Los Angeles.

7. If any party who receives Confidential Information receives a subpoena or other request seeking Confidential Information, he, she or it shall immediately give written notice to the Defendants' counsel, identifying the Confidential Information sought and the time in which production or other disclosure is required, and shall object to the request or subpoena on the grounds of this stipulation so as to afford the Defendants an opportunity to obtain an order barring production or other disclosure, or to otherwise respond to the subpoena or other request for production or disclosure of Confidential Material. Other than objecting on the grounds of this stipulation, no party shall be obligated to seek an order barring production of Confidential Information, which obligation shall be borne by the Defendants. However, in no event should production or disclosure be made without written approval by the Defendants' counsel unless required by court order arising from a motion to compel

production or disclosure of Confidential Information.

8.  Any pleadings, motions, briefs, declarations, stipulations, exhibits or other written submissions to the Court in this litigation which contain, reflect, incorporate or refer to Confidential Information shall be filed and maintained under seal. If a document or pleading submitted to the Court, as described in this paragraph, makes only a general reference to any document or information contained therein covered by this protective order, but does not quote or described its contents in any specific way, and does not include the protected document itself, then the party or parties need not file it under seal.

9.  The parties agree that the spirit of confidentiality as protected in this order will apply to all proceedings. To that end, before any protected document or any information derived therefrom is to be put forward, admitted into evidence, discussed in detail or otherwise publicized in Court, the party raising the protected document will inform the other parties and allow for a motion to the Court to close the proceedings to the public.

10. Nothing herein shall prejudice any party's rights to object to the introduction of any Confidential Information into evidence, on grounds including but not limited to relevance and privilege.

11. During the course of depositions, when counsel makes an objection to a question concerning a protected document or information contained therein, which is the subject of this Stipulation and protective order, or concerning a general area that counsel believes should be covered by the scope of this Stipulation and protective order, those witnesses (as identified in Paragraph 4(a) herein) may answer the question, without waiving the objections, and the questions and answers to those questions will be sealed and covered by the terms of this protective order. Counsel and the parties reserve the right to object to the disclosure of confidential or private information which is not the subject of this Stipulation and protective order. Any documents deemed confidential pursuant to this protective order will be sealed, if they are used as exhibits in any deposition. This agreement does not waive any objections counsel may make, including objections unrelated to the reasons for this protective order.

1      12.    This Protective Order survives settlement, trial and/or appeal.

2      13.    This Stipulation may be signed in sub-parts and may be transmitted by facsimile as if it was the original document. Defendants will lodge this executed Stipulation with the Court for approval.

**IT IS SO ORDERED:**

DATED: 1/24/08

_____
Honorable Charles F. Eick
~~Magistrate United States District Court~~
United States Magistrate Judge